809 P.2d 1157

**Domingo SOLOAGA and Ronald C. Mills, Plaintiffs–Respondents,**

v.

**BANNOCK COUNTY, a political subdivision of the State of Idaho, and Tom Katsilometes, George Shiozawa and Caroline Meline in their official capacity as members of the Board of Commissioners of Bannock County, Defendants–Appellants.**

No. 18080.

Court of Appeals of Idaho.

Oct. 12, 1990.

Petition for Review Denied
May 17, 1991.

Quane, Smith, Howard & Hull, Pocatello, for defendants-appellants. Erich N. Storm, argued.

Hawley, Troxell, Ennis & Hawley, Pocatello, for plaintiffs-respondents. James D. Manning, argued.

WALTERS, Chief Judge.

This case involves the procedures followed by Bannock County in acting upon an application for a zoning change. On this appeal we are asked to determine whether Domingo Soloaga and Ronald Mills' petition for judicial review of the denial of a request for a zoning change was timely filed under the Idaho Administrative Procedure Act. Associated with such a determination, we must decide whether the Bannock County Board of Commissioners (County) made a final decision on Soloaga and Mills' initial application for a zoning change. We are also asked to consider whether the doctrines of waiver or quasi-estoppel barred Soloaga and Mills from renewing their request for a change, in a subsequent application. We further examine whether the merits of Soloaga and Mills' initial application for zoning change were properly preserved for judicial review. Finally, we are to determine whether the district court erred in admitting evidence on judicial review of the proceeding. Finding no error, we affirm the order of the district court remanding the case to the County for further action.

The facts leading to this appeal involve three applications for zoning changes interspersed among two County-imposed moratoriums on zoning decisions. In 1935, Soloaga acquired 2480 acres of land in the Garden Creek area of Bannock County. Soloaga used the property as a summer range for sheep and cattle for thirty-five years. However, Soloaga discontinued the operation due to declining profitability of grazing and he converted 200 acres into dry farm. In 1981, Mills approached Soloaga and proposed a plan for further development of Soloaga's land. Soloaga and Mills entered into a conditional sale agreement for the sale of the property. The agreement was conditioned on the successful development of the property as a recreational area.

At that time, the Bannock County Land Development Ordinance of 1978 was in effect. The ordinance designated Garden Creek and surrounding property as an agricultural district zone. However, this prop-

erty could be included in a "floating" recreational zone upon application for rezoning, submission of a water plan for subdivision and development of the property, and satisfying the standards and requirements of the 1978 ordinance. Soloaga and Mills agreed to request the rezoning of the property in late 1981. However, prior to initiating their request, Bannock County imposed a moratorium which prohibited any rezone or subdivision application. On April 29, 1983, following expiration of the moratorium, Soloaga and Mills submitted their first rezoning application. This first application is the subject of this appeal. In June, 1983, the Land Development Board, (LDB), Bannock County's planning and zoning commission, conducted a public hearing on Soloaga and Mills' application. However, the LDB did not reach a final recommendation on the application at that meeting. Neither did the LDB make a final recommendation on Soloaga's and Mills' application shortly thereafter because on July 14, 1983, the County imposed a second moratorium on applications for rezoning. When Soloaga and Mills inquired as to the status of their application, the County informed them that the application had been "voided" by the moratorium. The July 14, 1983, moratorium expired on November 14, 1983, pursuant to a statutory provision limiting such moratoriums to a period of 120 days. *See* I.C. § 67–6523. On November 14, 1983, the County adopted the Emergency Land Use Ordinance.

The Emergency Land Use Ordinance eliminated the floating recreational district and created a new zoning classification known as the Development District—Recreational Land Use District (DDR). The DDR proposed substantial additional requirements. Upon inquiry, the County informed Soloaga and Mills that they must reapply for their zoning change pursuant to DDR requirements. Soloaga and Mills did so. Although the LDB unanimously approved that second application for rezon-

ing pursuant to DDR, the County took no further action.

During this time the County had been preparing a new land-zoning ordinance. On July 3, 1984, the County adopted the 1984 Interim Land Use Ordinance. This ordinance imposed additional requirements on the development of subdivisions. In light of the adoption of the new ordinance, the County declined to follow the LDB's recommendation approving Soloaga and Mills' second application for a zoning change. The newly adopted ordinance did not designate the zone on Soloaga and Mills' property as recreational. Consequently, in March, 1985, Soloaga and Mills submitted a third application for a zoning change pursuant to the 1984 ordinance. After a public hearing, the County, on August 22, 1985, rejected Soloaga and Mills' third application for rezoning and entered findings of fact and conclusions of law.

On October 21, 1985, Soloaga and Mills petitioned the district court for judicial review. The first three counts of their petition challenged the County's actions regarding the 1984 Interim Land Use Ordinance and the denial of Soloaga and Mills' 1984 application. The fourth count pertained to issues regarding the implementation of the 1983 moratorium and rejection of Soloaga's and Mills' original application in 1983. Both sides filed motions for summary judgment. Initially, the district court granted the County's motion for summary judgment on count four of Soloaga and Mills' complaint.[1] However, the district court later reversed its decision and granted summary judgment to Soloaga and Mills as to count four of their petition. The district court concluded that no final decision had been made by the County regarding Soloaga and Mills' initial application. Consequently, the court determined there was no "adverse decision" from which to appeal which would commence the sixty-day limitation period for seeking judicial review under the Idaho Administrative Procedure Act. The court further held that

1. The district court held that Soloaga and Mills were precluded under the doctrine of quasi-estoppel from claiming improprieties and challenging the procedures regarding the adoption of the 1983 emergency moratorium because they took no action until their rezoning application was ultimately denied in 1985.

the doctrines of waiver and estoppel did not bar Soloaga and Mills' claim. The district court remanded the case to the Bannock County Commissioners for a final decision on Soloaga and Mills' initial application—to be determined pursuant to the 1978 land development ordinance. The court withheld making a decision on the remaining counts alleged in Soloaga and Mills' petition, until completion of the proceedings on remand before the County Commissioners. The court's decision to grant summary judgment was certified for appeal in the interim, and this appeal by the County followed.

I

The County argues that Soloaga and Mills' claim pursuant to count four is barred by the applicable statute of limitation. In examining zoning determinations by a county, our review is limited solely to the Idaho Administrative Procedure Act provisions, I.C. § 67-5215(b-g). *Bone v. City of Lewiston,* 107 Idaho 844, 693 P.2d 1046 (1984). Idaho's Administrative Procedure Act provides that:

> [e]xcept when otherwise provided by law, proceedings for review are instituted by filing a petition in the district court of either the county of which the hearing was had or the county in which the final decision of the agency was made, within 30 days after the service of the *final* decision of the agency or, if a rehearing is requested within 30 days after the decision thereon. (Emphasis added.)

I.C. § 67-5215(b).[2] According to the clear wording of the above statute, the final "decision" is a condition which must occur before the limitation period will begin to operate. Consequently we must determine what constitutes a final decision. Idaho Code § 67-5212 mandates that:

[a] final decision or order adverse to a party in a contested case shall be in writing or stated in the record. A final decision shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. If, in accordance with agency rules, a party submitted proposed findings of fact, the decision shall include a ruling upon each proposed finding. Parties shall be notified either personally or by mail of any decision or order. Upon request a copy of the decision or order shall be delivered or mailed forthwith to each party and to his attorney of record.

There are two letters from County officials to Soloaga and Mills. One refers to Soloaga and Mills' initial application as being "voided" by the July 14, 1983, moratorium. The other letter informs Soloaga and Mills that the process initiated by their first application had been "truncated." Clearly, neither of these letters is sufficient to constitute a "final decision" as required by I.C. § 67-5212. There is nothing in the record to indicate a writing setting forth findings of fact or conclusions of law by the County regarding Soloaga and Mills' first application for a zoning change.

The County further argues that the 1983 moratorium voided Soloaga and Mills' initial application for zoning change. The County maintains that this "decision" was sufficient to begin the limitation period in I.C. § 67-5215(b). To support this conclusion the County refers to I.C. § 67-5215(a) which provides that "[a] preliminary, procedural, or intermediary agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy." The County correctly observes that Soloaga and Mills could have sought immediate review of the Coun-

---

**2.** Idaho's Local Planning Act of 1975, I.C. § 67-6519(c), provides that:

[a]n applicant denied a permit or aggrieved by a decision may within sixty (60) days after all remedies have been exhausted under local ordinance seek judicial review under the procedures provided by section 67-5215(b) through (g) and 67-5216, Idaho Code.

Idaho Code § 67-5215(b) provides that the limitation period shall be thirty days "except when otherwise provided by law." Accordingly, the sixty-day limitation provided in I.C. § 67-6519(c) applies in this circumstance.

ty's decision concluding that the moratorium voided their first application. However, nothing in subsection (a) of the statute provides that such an intermediate agency action triggers the limitation period provided in subsection (b). Accordingly, the sixty-day limitation period did not apply to the County's refusal to go forward on Soloaga and Mill's initial application for a zoning change.

For the above stated reasons, we conclude that the district court was correct in remanding Soloaga and Mills' action, as requested in count four of their petition, to the County for a final decision containing findings of fact and conclusions of law. We note that the district court was also correct in ordering the County to consider Soloaga and Mills' application in light of the 1978 ordinance in effect at the time of their initial application. *See South Fork Coalition v. Board of Commissioners of Bonneville County,* 117 Idaho 857, 792 P.2d 882 (1990).

## II

### A

■■■ The County next contends that, regardless of whether Soloaga and Mills' first application is subject to the limitation period in I.C. § 67–5215, Soloaga and Mills waived their rights to appeal with respect to their first application when they filed their second application for zoning change. Waiver is a voluntary, intentional relinquishment of a known right or advantage. *Brand S Corp. v. King,* 102 Idaho 731, 639 P.2d 429 (1981). Waiver is a mixed question of law and fact. *Jones v. Maestas,* 108 Idaho 69, 696 P.2d 920 (Ct.App.1985). A court first must determine whether the facts alleged to constitute waiver are true. *Id.* The court then must decide whether these facts, as a matter of law, suffice to show waiver. *Id.* Waiver will not be inferred except from a clear and unequivocal act manifesting an intent to waive. *Id.*

■■■ The record indicates that Soloaga and Mills made attempts to determine the status of their first application. They were informed by the County that they would have to submit a new application. The district court held that a member of the public pursuing an action before an agency should not be penalized for following erroneous advise given by the agency. Furthermore, there is nothing in the record evidencing an intent by Soloaga and Mills to relinquish their rights under the first application for zoning change other than their second application for zoning change. While it can be inferred from this conduct that Soloaga and Mills were foregoing their right to petition for judicial review on the first application, it can also be inferred that Soloaga and Mills merely desired to achieve the zoning change by way of the second application, thus preempting any need for obtaining judicial review under the first application. Regardless of either inference drawn by the district court, the mere act of reapplying for a zoning change does not manifest an intent to waive any right that Soloaga and Mills may have had under the initial application, as a matter of law. Therefore we conclude that the district court did not err by holding that Soloaga and Mills did not waive their rights to petition for judicial review of the proceeding with regard to the first application.

### B

■■■ The County next argues that the doctrine of quasi-estoppel should preclude Soloaga and Mills from claiming any rights under their initial application. To invoke the doctrine of quasi-estoppel, the County must show the person against whom it is sought to be applied has previously taken an inconsistent position, with knowledge of the facts and his rights, to the detriment of the party seeking application of the doctrine. *KTVB Inc. v. Boise City,* 94 Idaho 279, 486 P.2d 992 (1971); *Herrmann v. Woodell,* 107 Idaho 916, 693 P.2d 1118 (Ct. App.1985). As noted above, the record indicates that upon inquiry by Soloaga and Mills the County informed them that they would have to reapply as their first application had been voided. Under such circumstances we can not conclude that Soloaga and Mills had sufficient knowledge of the facts and their rights to warrant the appli-

cation of the doctrine of quasi-estoppel. Accordingly, we conclude that the district court did not err by refusing to apply the doctrine of quasi-estoppel in these circumstances.

## III

■ The County next contends that the issue of whether Soloaga and Mills had any rights under their first application was not properly preserved for appeal. The County maintains that the issue was never addressed to it when it ultimately decided to decline Soloaga and Mills' application for rezoning (decided under the 1985 ordinance upon Soloaga and Mills' third application). The record indicates that the County was aware of the history of Soloaga and Mills' lengthy application process for zoning change including the initial application. Soloaga and Mills concede that their rights under the first application were never placed in issue during the 1985 proceedings because the County had made it clear it had expected Soloaga and Mills to proceed under the 1984 ordinance. The record demonstrates that the County considered Soloaga and Mills' initial application as void. We hold that it was unnecessary for Soloaga and Mills to exercise an act of futility by reasserting their rights under the initial application during the proceedings under the 1984 application. Accordingly we conclude that the questions relating to the first application were properly preserved for an appeal.

## IV

■ Finally, the County submits that the district court erred in allowing extraneous evidence into the record. The County avers that such evidence includes minute entries of the County Commission meetings during which the County enacted the moratorium; correspondence from County officials to Soloaga and Mills; and the affidavits of Ronald Mills, Alex Hudson and other project consultants. The County contends that proof may be taken by the court only in cases of alleged irregularities in procedure before the agency not shown in the record. I.C. § 67–5215(f). The County

maintains there is no procedural irregularity warranting the admission of evidence. We disagree.

There is an irregularity in the procedure followed by the County in this case. The precise question presented to the district court was whether the County erred in its determination that the moratorium voided Soloaga and Mills' initial application. The district court correctly determined, *inter alia*, that the moratorium did not "void" the initial application. The process, as one County official put it, was "truncated" by the County's determination. The process initiated by the initial application never achieved the fruition of a "final decision." The County conducted no hearing on the initial application and there were no findings of fact or conclusions of law ever entered with respect to that application. In effect the suspension of that application by the County was a procedural irregularity. The district court properly remanded the case for a final determination on the merits thereby reinstating the process initiated by the application and wrongfully suspended by the County. See, I.C. § 67–5215(e). Furthermore, it would be redundant to attempt to introduce evidence at the agency level on a topic foreclosed by the agency, particularly where the evidence entails communication by the County itself. We also note that much of the information that the County points to as extraneous evidence was relied upon by it in its brief. Accordingly, we hold that the district court properly admitted evidence relevant to the procedural deficiency, in the process of determining whether the proceeding should be remanded for further action. *Compare, Clow v. Board of County Com'rs of Payette County,* 105 Idaho 714, 672 P.2d 1044 (1983) (error to admit evidence during judicial review of denied zoning change, absent procedural irregularity).

In sum, we hold that the district court correctly held that Soloaga and Mills' claim regarding their initial application for zoning change was not barred by the limitation period set forth in the Idaho Administrative Procedure Act. Neither did Soloaga and Mills waive their rights under the initial

application for a zoning change nor did the doctrine of quasi-estoppel bar them from proceeding on that claim. We further conclude that the issue of the merits of their first application was properly preserved for appeal. We also conclude that the district court did not err in admitting extraneous evidence into the record.

Accordingly, we affirm the district court decision remanding the action to the County for a final decision on Soloaga and Mills' initial application. Costs to respondents; no attorney fees are awarded on appeal. *See, Lowery v. Board of County Com'rs for Ada County,* 117 Idaho 1079, 793 P.2d 1251 (1990).

SCHILLING and HERNDON, JJ., Pro Tem., concur.