# IN THE SUPREME COURT OF THE STATE OF IDAHO

JAMES WOHRLE and PENNY WOHRLE, husband and wife,

    Plaintiffs-Respondents,

v.

KOOTENAI COUNTY, a political subdivision of the State of Idaho,

    Defendant-Appellant.

_____

JERRY JUDD,

    Petitioner-Respondent,

v.

KOOTENAI COUNTY, a political subdivision of the State of Idaho,

    Respondent-Appellant.

Docket No. 34095

Boise, February 2009

2009 Opinion No. 57

Filed: April 14, 2009

Steven W. Kenyon, Clerk

Docket No. 34097

_____

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John Thomas Mitchell, District Judge.

Consolidated appeals from district court's ruling on decision by Kootenai County Board of Commissioners, vacated.

Patrick Michael Braden, Kootenai County Administrative Attorney, Coeur d'Alene, argued for appellant.

Beck & Poorman, LLC., Hayden, for respondent. Scott Lee Poorman argued.

_____

BURDICK, Justice

Appellant Kootenai County appeals from the district court's reversal and remand of a decision by the Kootenai County Board of Commissioners (Board) in case numbers V-841-05 and V-842-05. Both cases involved the Board's denial of variance requests for decks built on

1

waterfront property. The cases of Respondents James and Penny Wohrle and Respondent Jerry Judd (collectively Respondents) involve identical legal issues and nearly identical factual situations and, while not consolidated, have been dealt with in conjunction with one another from the initiation of these proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Respondents constructed decks on their respective properties on Coeur d'Alene Lake without having first obtained either a variance or building permit from Kootenai County. The waterfront parcels each have 100 feet of frontage that can only be accessed via the water due to the steep and rocky terrain of the properties. Judd constructed three decks at the shoreline of his property to provide a flat area for recreational use of the land. When Judd purchased his parcel in 2002, it had existing docks and pilings permitted by the Idaho Department of Lands and existing stairways used to access a power pole on the property. The Wohrles constructed two small decks on the shoreline. Before building the decks, the Wohrles inquired with the Idaho Department of Lands to determine if any permits were necessary, and the Department informed them that no building permits were required.

In June 2005, the Army Corps of Engineers sent letters to Respondents regarding concrete pilings placed below the high water line. The Corps also sent copies of the letters to the County, which issued a code violation notice for the construction of the decks without building permits. The Corps then sent letters on November 22, 2005 to Respondents, stating no further action would be taken because the concrete pilings were not causing any discernable adverse effects on the aquatic environment. However, those letters also advised Respondents that the rock fill and concrete footings were not authorized and "may not be maintained."

On September 16, 2005, Respondents applied to the Board for variances from the County's twenty-five foot front setback requirement. The requested variances would have allowed for a front setback of zero at the property line for the existing decks. Judd also requested a variance of seven feet from the ten foot side setback requirement for one of his decks.

The variance requests were first heard by a Kootenai County hearing examiner on March 16, 2006. On March 21, the hearing examiner issued a recommendation that the requests be denied. In his report, the hearing examiner determined that an undue hardship would result from literal enforcement of the setback requirement but that the requested variances would be in

2

conflict with the public interest. Respondents then requested a public hearing before the Board and the Board granted the request on March 30, 2006.

On June 1, 2006, the Board held a public hearing on the variance applications, at which Respondents testified and responded to questions from the Board. The Board also received comment sheets. There were no written comments or public testimony in opposition to the variance applications. During the course of proceedings, the Board raised questions regarding whether the properties were assessed as buildable or non-buildable and documentation was presented regarding the valuation of the properties. Respondents were offered an opportunity to examine that documentation and respond. At the conclusion of the public hearing, the Board voted to deny Respondents' variance requests. The decision of the Board was issued June 15, 2006.

On July 13, 2006, Respondents timely filed petitions for judicial review in the district court. Respondents also filed motions to augment the record to include an affidavit with exhibits consisting of records from a variance application submitted by other Kootenai County residents, which the Board approved on June 22, 2006. That variance was for a staircase built without a building permit and in violation of the five foot side setback requirements. The district court granted the motions and entered a written Order Granting Motion to Augment Record on December 5, 2006. The district court heard oral argument on the petitions on February 20, 2007, and concluded that Respondents would suffer an undue hardship from a literal enforcement of the setback requirement and that the decision of the Board was arbitrary, capricious, and an abuse of discretion. The district court awarded attorney fees and costs to Respondents.

## II. ANALYSIS

While Kootenai County raises five issues on appeal, those issues can be condensed into two main issues: (1) whether the district court erred in ordering that the record be augmented to include information pertaining to a separate variance request; and (2) whether the Board's decision was valid pursuant to I.C. § 67-5279. We vacate the district court's order and affirm the Board's decision.

### A. Standard of review.

In order to obtain judicial review of the decision of a county board of commissioners under the Idaho Administrative Procedures Act (IDAPA), I.C. §§ 67-5201, *et seq*., there must be a statute granting the right of judicial review. *Highlands Dev. Corp. v. City of Boise*, 145 Idaho

3

958, 960-61, 188 P.3d 900, 902-03 (2008). The Local Land Use Planning Act (LLUPA) provides that "[a]n applicant denied a permit or aggrieved by a decision" of a governing board may seek judicial review under the provisions of IDAPA. *Euclid Ave. Trust v. City of Boise*, 146 Idaho 306, __, 193 P.3d 853, 855 (2008); I.C. § 67-6519(4). Variance permits fall under LLUPA pursuant to I.C. § 67-6516. Therefore, an applicant denied a variance permit by a county board of commissioners, or aggrieved by the decision of the board, may seek judicial review under IDAPA.

**B. The district court's augmentation of the record was in error, and was prejudicial to Kootenai County.**

Kootenai County argues that the district court erred in granting Respondents' motion to augment the record because the evidence was not material or relevant to a review of the Board's decision, and the evidence did not constitute proof of irregularities in procedure before the Board. We agree and further find that the augmentation was prejudicial to the County.

**1. The district court abused its discretion in permitting the augmentation of the record.**

The decision to grant or deny a motion for augmentation of the record on appeal is reviewed under an abuse of discretion standard. *Crown Point Dev., Inc. v. City of Sun Valley*, 144 Idaho 72, 75-76, 156 P.3d 573, 576-77 (2007). A decision within the discretion of the district court will not be disturbed on appeal if the court correctly perceived the issue as one of discretion, acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and reached its decision by an exercise of reason. *Id.* at 76, 156 P.3d at 577. Judicial review of a county board of commissioners' decision is generally confined to the board record unless the party requesting the additional evidence can demonstrate that the evidence falls within the statutory exceptions provided for in I.C. § 67-5276. *Id.* Idaho Code § 67-5276 states:

> (1) If, before the date set for hearing, application is made to the court for leave to present additional evidence and it is shown to the satisfaction of the court that the additional evidence is material, relates to the validity of the agency action, and that:
>
> > (a) there were good reasons for failure to present it in the proceeding before the agency, the court may remand the matter to the agency with directions that the agency receive additional evidence and conduct additional factfinding.
> >
> > (b) there were alleged irregularities in procedure before the agency, the court may take proof on the matter.

4

(2) The agency may modify its action by reason of the additional evidence and shall file any modifications, new findings, or decisions with the reviewing court.

In *Crown Point*, this Court found that the record failed to show that the request for augmentation of the record was accompanied by either good reasons for failure to present the evidence at the agency hearing or a showing of irregularities in the procedure before the agency. 144 Idaho at 76, 156 P.3d at 577. Similarly, in *Urrutia v. Blaine County*, 134 Idaho 353, 2 P.3d 738 (2000), this Court found that no good reasons for the failure to present evidence or procedural irregularities were established that would authorize the district court to augment the record. This Court also stated that even if good reasons had been established, the district court should have remanded the matter to the county board of commissioners for additional fact finding pursuant to I.C. § 67-5276(1)(a). *Urrutia*, 134 Idaho at 361, 2 P.3d at 746.

Procedural irregularities were found in an Idaho Court of Appeals case in which an application was "voided" without a hearing or any findings of fact or conclusions of law entered with respect to the application. *Soloaga v. Bannock County*, 119 Idaho 678, 683, 809 P.2d 1157, 1162 (Ct. App. 1990). The Court of Appeals determined that the suspension of the application was a procedural irregularity and the district court had properly remanded the case to the agency for a final determination on the merits. *Id.*

First, in the case presently before us, Respondents did not show that the additional evidence was material. Idaho Code § 67-6516 focuses on the "characteristics of the site" and the statute's consideration of conflict with the public interest and undue hardship is inherently restricted to a case-by-case analysis. Therefore, evidence regarding the Board's granting of a variance permit in another case is not material to the Board's decision based upon the unique characteristics of Respondents' properties.

In addition, Respondents did not present any evidence that the other application should be admitted because of irregularities in procedure before the Board pursuant to I.C. §67-5276(1)(b). A final decision was entered following a public hearing on the matter, unlike in *Soloaga*. Similarly to *Crown Point* and *Urrutia*, Respondents here presented no evidence in support of their motion to augment the record that would support a finding that there were irregularities in procedure before the agency. Instead, counsel's affidavit in support of the motion simply stated that "[t]he attached documents support the Petitioners' claims that the decision by Kootenai County to deny their variance application was arbitrary, capricious, an abuse of discretion and not supported by substantial evidence in the record."

5

Similarly, no proof of irregularities in procedure was provided at the hearing on the motion to augment the record that occurred on November 29, 2006. The district court recognized that it is only allowed to consider the record pursuant to Idaho case law. However, the court then based its decision to allow the evidence on not "know[ing] of any other way to prove at least arbitrary behavior than by close comparison with different outcomes," indicating that the record was augmented to factually support Respondents' appeal. This is not an exception that is provided for by I.C. § 67-5276.

Furthermore, even if not having "any other way to prove at least arbitrary behavior" constituted good reason within the meaning of I.C. § 67-5276(1)(a), the district court was required to "remand the matter to the agency with directions that the agency receive additional evidence and conduct additional factfinding." I.C. § 67-5276(1)(a). Therefore, the district court did not act consistently with the applicable legal standards, nor did it reach its decision by an exercise of reason.

### 2. The error was prejudicial to Kootenai County.

Even if the district court abused its discretion in allowing the additional evidence, it must also be shown that the court's error in including the additional evidence is prejudicial. *Crown Point Dev., Inc. v. City of Sun Valley*, 144 Idaho 72, 77, 156 P.3d 573, 578 (2007). "An error is prejudicial only if it *could have affected or did affect* the outcome of a proceeding." *Id.* (emphasis added). In *Crown Point*, this Court found that since the district court had relied on improperly admitted evidence in reaching its decision, the erroneous inclusion of additional evidence was prejudicial and an abuse of discretion. *Id.*

In contrast, in *Urrutia v. Blaine County*, 134 Idaho 353, 2 P.3d 738 (2000), this Court found that the appellant was not prejudiced as a result of the district court's inclusion of additional evidence. The district court's final opinion in *Urrutia* did not mention the additional evidence and instead focused on the appellant county board of commissioners' misinterpretation of law. 134 Idaho at 361, 2 P.3d at 746. Therefore, the inclusion of the additional evidence constituted harmless error. *Id.*

Here, it is difficult to determine the basis for the district court's decision given the short written finding by the court that the denial of the variance requests was "arbitrary, capricious and an abuse of discretion." The district court did not directly mention the additional evidence in its

final opinion. Instead, in its oral decision, the district court focused on the showing of undue hardship and the lack of evidence that the variance was in conflict with the public interest.

However, given the district court's reasoning for allowing the other application in the first place—"I don't know of any other way to prove at least arbitrary behavior than by close comparison with different outcomes"—it is highly likely that the district court considered the application in determining that the Board's decision had been arbitrary, capricious, and an abuse of discretion. When granting the motion to augment the record the court also stated:

> [T]he commissioners can still be wrong, and so I don't know how much relevance this is going to bring to the situation, but on the other hand, I don't know how else any petitioner could really prove at least the arbitrary nature of someone's action without proof such as this, so I realize what the case law has restricted me to on my review.

Thus, while the court acknowledged that it was restricted in its consideration of the additional evidence, it also recognized that it would have difficulty finding the Board's decision to be arbitrary without considering the other application. Given the district court's final finding that the Board's decision was arbitrary, capricious, and an abuse of discretion, we find that the district court's inclusion of the evidence was prejudicial because it affected the outcome of the proceeding.

## C. The Board's decision was valid under I.C. § 67-5279 because it was supported by substantial evidence and it did not prejudice a substantial right of Respondents.

Kootenai County argues that the district court erred in finding the decision of the Board to be arbitrary, capricious, and an abuse of discretion because there was substantial and undisputed evidence in the record to support the Board's finding that Respondents failed to establish that the granting of the variances would not be in conflict with the public interest. Kootenai County further contends that no substantial rights were prejudiced as a result of the Board's decision. In addition, Kootenai County points to error at the district court level in substituting the court's judgment for that of the Board, ordering that the variances be granted and only remanding for a determination of extent, and awarding attorney fees to Respondents. However, Respondents contend that not only did the district court not err on any of these issues, but the decision of the Board was also made upon unlawful procedure.

All of these issues are addressed under I.C. § 67-5279, and will thus be discussed in context of that statute. A party appealing a county board of commissioners' decision must first show that the board "erred in a manner specified in Idaho Code § 67-5279(3), and then it must

7

show that a substantial right has been prejudiced." *Lane Ranch P'ship v. City of Sun Valley*, 144 Idaho 584, 590, 166 P.3d 374, 380 (2007). In light of this analysis, we vacate the district court's order and affirm the decision of the Board.

**1. The Board's decision was based on substantial evidence and was within its authority.**

In reviewing the district court, this Court examines the county board of commissioners' record independently of the district court's decision. *Marcia T. Turner, L.L.C. v. City of Twin Falls*, 144 Idaho 203, 207, 159 P.3d 840, 844 (2007). A reviewing court must affirm the county board of commissioners' action unless the board's decision (a) violates statutory or constitutional provisions; (b) exceeds the statutory authority of the board; (c) is made upon unlawful procedure; (d) is not supported by substantial evidence in the record; or (e) is arbitrary, capricious, or an abuse of discretion. *Id.* at 208, 159 P.3d at 845; I.C. § 67-5279(3).

The approval or denial of a variance request is within the discretion of the county board of commissioners, subject to the requirements of I.C. § 67-5279. *See* I.C. §§ 67-6516, 6519. The applicant must prove to the board that he will suffer "undue hardship because of characteristics of the site and that the variance is not in conflict with the public interest." I.C. § 67-6516. There is a strong presumption in favor of the validity of the actions of county boards of commissioners in interpreting and applying their own ordinances. *Sanders Orchard v. Gem County*, 137 Idaho 695, 698, 52 P.3d 840, 843 (2002).

Furthermore, when analyzing a county board of commissioners' decision to determine if it was supported by substantial evidence pursuant to I.C. § 67-5279(3)(d), this Court will not substitute its judgment for that of the board regarding the weight of the evidence on questions of fact. *Id.* The county board of commissioners' factual determinations are binding on the reviewing court, even where there is conflicting evidence, so long as the determinations are supported by substantial and competent evidence. *Lane Ranch P'ship v. City of Sun Valley*, 144 Idaho 584, 590, 166 P.3d 374, 380 (2007). Substantial and competent evidence is "relevant evidence which a reasonable mind might accept to support a conclusion." *Id.* (citing *Lamar Corp. v. City of Twin Falls*, 133 Idaho 36, 43, 981 P.2d 1146, 1153 (1999)).

In *Lane Ranch*, this Court found that the evidence did not support the city's finding that "chang[ing] the Zoning District designation for the Subject Property from OR-1 to RA would require amending the Annexation Agreement," because the Agreement did not require amendment. 144 Idaho at 590-91, 166 P.3d at 380-81. The Court found that it was impossible to

tell how much the city had relied on that mistaken interpretation in its denial of the zoning applications. *Id*. Similarly, in *Sanders Orchard v. Gem County*, 137 Idaho 695, 52 P.3d 840 (2002), this Court found that a county board of commissioners' finding that sewer and water lines would likely be extended to the area of a proposed subdivision in the foreseeable future was unsupported by substantial evidence in the record. In *Sanders*, there was no oral testimony or evidence submitted indicating that the sewer and water lines would be extended to that area. *Id*. at 702-03, 52 P.3d at 846-47.

The Board's findings here were as follows:

5.01    The granting of the variance requested in this application would not be in conformance with Kootenai County Zoning Ordinance No. 348, Section 30.03, Section 30.02 and Idaho Code § 67-6516. The evidence presented regarding the Applicants' inability to construct structures on the steep topography of the subject parcel does show that an undue hardship exists. However, this request fails to meet the requirement of public interest and the intent of the zoning ordinance, specifically Section 30.03(d). The issuance of variances that not only encroach into the required setback but also the lakebed is not in the public interest and would allow a benefit that is not afforded to other property owners fronting Coeur d'Alene Lake.

5.02    The granting of the variance requested in this application does not meet the requirements of Idaho Code § 67-6516 because it would serve to legitimize the Applicants' construction of decks without required building permits, which would be considered a special privilege.

5.03    The requested variance does not conform to Kootenai County Zoning Ordinance No. 348 and Idaho Code § 67-6516 because the requested variance is not necessary to accommodate the recreational use of the property and would be detrimental to surrounding properties and the public welfare if zero setbacks and lake encroachments were to be allowed, even by special permit.

Unlike in *Sanders* and *Lane Ranch*, the Board here was faced with granting variances to individuals who had already violated the county ordinances by building without first getting approval. In addition, *Sanders* and *Lane Ranch* dealt with factual findings by the agencies on which no oral testimony or evidence was submitted. The Board's findings here were based upon substantial evidence in the record, and therefore must be upheld on review under I.C. § 67-5279(3)(d).

Pursuant to I.C. § 67-6516, the burden is on Respondents to show that the variance would not be in conflict with the public interest. The Board focused its questioning of Respondents on why Respondents had believed they could build the decks in violation of the existing county

9

ordinances requiring setbacks and building permits. In issuing its decision, the Board emphasized the fact that Respondents had not first gotten permission for the decks:

> Commissioner Brodie: It's ugly. I mean, the bottom line is, I, I feel very, very sorry for each and every one of you for being allowed to believe, number one, it was a buildable lot, that you could do something other than enjoy a dock lot, which is, I think exactly what you have. Regardless of that, the requirement is, you build within setbacks and you get a permit first.

Commissioner Currie then reiterated that Respondents "should have done your … due diligence and your homework and your process." This was the Board's focus throughout the proceedings: "I guess the concern, of course, is no permit. Here they are, I mean, it set a precedent, more or less, and, um, it's easier to beg forgiveness than to get permission, so it puts us in a pretty tough spot." The Board was clearly concerned with legitimizing the construction of structures that are in clear violation of county ordinances, and Respondents offered little to alleviate this concern.

Respondents did submit comment sheets from the public that were either in support of the variances, or neutral. In addition, Respondents testified that the concerns that the Department of Lands and the Army Corps of Engineers had expressed with the structures had been complied with; therefore, there was no longer any other agency interests in the matter. However, the November 22, 2005 letter from the Army Corps of Engineers indicated that, while the concrete footings were "not causing any discernable adverse effects on the aquatic environment," the rock fill and concrete footings were "not authorized and may not be maintained." The Board heard this evidence and determined that granting the variances on these pre-existing structures would not be in the public interest.

The Board acted well within its authority and discretion in refusing to grant variance requests after Respondents had violated Zoning Ordinances §§ 8.09 and 28.02 by building within the required setback areas without building permits. Kootenai County Zoning Ordinance No. 348, Section 30.03 requires the Board to find that the "granting of the variance will be in harmony with the general purpose and intent of the Zoning Ordinance, and will not be injurious to the neighborhood or otherwise detrimental to the public welfare." This ordinance is focused on ensuring that variances do not conflict with the public welfare, while making reasonable use of the land, and it gives the Board the discretion to determine what is in the public interest. It is well within the Board's discretion to determine that allowing individuals to violate county ordinances by constructing structures that "encroach not only into the required setback but also the lakebed" would be detrimental to the public welfare.

In addition, the Board was clearly concerned that Respondents were not making reasonable use of their land. Commissioner Johnson stated that allowing individuals to construct decks that protrude over the water on properties that were purchased as dock lots was problematic:

> When you purchased the property, so you purchased a piece of property that was at a value that would be much less, knowing that it was a dock lot …. History provides us with the properties on that lake, on that side of the lake, they are non-accessible. Everybody knew it for years and years and years. When folks were buying them for a dock lot. They knew they could put a dock in, tie their boat up, and still have, be on the water. That is why the values are a lot less.

In addition, Commissioner Brodie commented on the fact that Respondents focused a great deal in their testimony on the topography of the properties and how steep the land was, but all of this was known to Respondents when they originally purchased the properties.

Finally, the Board's decision was made upon lawful procedure. When the Board had questions concerning whether the properties were classified as buildable or non-buildable, it reopened the proceedings to allow Respondents to view the exhibits regarding the tax assessments and then offer rebuttal. There is no indication that the Board based its decision on this additional information. Instead, it focused on its concern that granting variances for structures built in violation of existing zoning ordinances was not in the public interest. Therefore, we find that the Board's decision was valid pursuant to I.C. § 67-5279(3), and thus the district court's remand was in error.

## 2. The Board's decision did not prejudice a substantial right of Respondents.

Finally, even if the Board's decision had not been based on substantial evidence or was otherwise invalid under I.C. § 67-5279(3), I.C. § 67-5279(4) states that "[n]otwithstanding the provisions of subsections (2) and (3) of this section, agency action shall be affirmed unless substantial rights of the appellant have been prejudiced." If the applicant has been deprived of a "full and fair evaluation of its applications" remand is appropriate. *Lane Ranch P'ship v. City of Sun Valley*, 144 Idaho 584, 591, 166 P.3d 374, 381 (2007); *see also Sanders Orchard v. Gem County*, 137 Idaho 695, 52 P.3d 840 (2002).

Denial of Respondents' variance requests in this case does not deprive them of any substantial right. Respondents were not making lawful use of their properties when they built within the setback areas without first receiving a variance or building permit. In addition, even with the denial of the variance requests, Respondents are still able to use their property as

permitted under state laws and regulations and county ordinances—all of which were in effect when Respondents purchased their properties. Respondents are not entitled to the granting of variances; instead, variances are issued upon the discretion of the Board. They are still able to put their property to reasonable use by using and enjoying a dock on Coeur d'Alene Lake, so no substantial rights have been prejudiced.

## D. Attorney fees were not properly awarded to Respondents.

Idaho Code § 12-117 allows the court to award attorney fees and other expenses when a party acted without a reasonable basis in fact or law. *Euclid Ave. Trust v. City of Boise*, 146 Idaho 306, __, 193 P.3d 853, 857 (2008). Idaho Code § 12-117(1) provides:

> Unless otherwise provided by statute, in any administrative or civil judicial proceeding involving as adverse parties a state agency, a city, a county or other taxing district and a person, the court shall award the prevailing party reasonable attorney's fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law.

"Typically, in analyzing an award of fees under I.C. § 12-117, this Court has looked to determine whether there was no authority at all for the agency's actions …." *Ralph Naylor Farms, L.L.C. v. Latah County*, 144 Idaho 806, 809, 172 P.3d 1081, 1084 (2007); *see also Fischer v. City of Ketchum*, 141 Idaho 349, 356, 109 P.3d 1091, 1098 (2005) ("Where an agency has no authority to take a particular action, it acts without a reasonable basis in fact or law.").

The Board was not acting outside the scope of its authority when it denied Respondents' variance requests. In addition, Respondents are no longer the prevailing parties. We therefore reverse the district court's award of attorney fees to Respondents.

## III. CONCLUSION

We vacate the district court's order reversing and remanding this matter to the Kootenai County Board of Commissioners, and affirm the Board's decision. We also reverse the district court's award of attorney fees to Respondents.

Justices J. JONES, W. JONES, HORTON and TROUT, J., Pro tem, **CONCUR.**

12