683 P.2d 900

**EARTH RESOURCES COMPANY, a corporation, Third Party Plaintiff-Respondent,**

v.

**MOUNTAIN STATES MINERAL ENTERPRISES, INC., a corporation, Third Party Defendant-Appellant.**

No. 14486.

Court of Appeals of Idaho.

June 27, 1984.

Dale G. Higer of Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, for appellant, Mountain States Mineral Enterprises, Inc.

Claude Marcus of Marcus, Merrick & Montgomery, Boise, for respondent, Earth Resources Co.

PER CURIAM.

This is an appeal taken from an order denying a motion to set aside an earlier order of default. The dispositive issue is whether the appeal has been taken from an appealable judgment or order within the meaning of Rule 11, Idaho Appellate Rules.

This appeal is a companion to *Treasure Valley Plumbing and Heating, Inc. v. Earth Resources Company,* 106 Idaho 841, 683 P.2d 877 (Ct.App.1984). In that case, Treasure Valley sued Earth Resources to foreclose a lien for labor and materials expended in work on mining property owned by Earth Resources. Earth Resources then filed a third-party complaint against Mountain States, alleging that Mountain States had an obligation to indemnify Earth Resources against any recovery obtained by Treasure Valley. When Mountain States failed to answer the third-party complaint, Earth Resources obtained the order of default mentioned above. Mountain States moved to set aside that order and, when the motion was denied, Mountain States promptly brought the appeal now before us. While this appeal was pending, the district court entered judgment against Treasure Valley on its complaint against Earth Resources and that judgment became the subject of the companion appeal. However, no instrument entitled a "judgment" ever was entered upon the third-party complaint with which the instant appeal is concerned.

An order denying a motion to set aside an earlier order of default is not specifically enumerated among the appealable judg-

ments and orders listed in Rule 11. Mountain States' notice of appeal asserts that the order is appealable under Rule 11(a)(1) and Rule 11(a)(5). However, Rule 11(a)(1) refers to "final judgments and decrees." We deem it clear that an order denying a motion to set aside a default does not fall within that category.

Rule 11(a)(5) refers to "any order made after final judgment." As noted, no instrument entitled a "judgment" has been entered upon the third-party complaint against Mountain States. Mountain States argues that the order of default in this case constituted, in essence, a default judgment. If this were true, then the order denying the motion to set aside the default could be treated as an "order made after final judgment."

However, the Idaho Rules of Civil Procedure make a clear distinction between a default and a default judgment. *See, e.g.,* I.R.C.P. 55(c). Moreover, the federal rules regulating defaults and default judgments are virtually identical to the Idaho rules. Under the federal rules, "[d]efault orders require distinction between entry of default and entry of judgment on the default. Entry of default, or refusal to enter default, are interlocutory." 15 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 3924 at 585 (1976). Furthermore, "[i]f no judgment has been entered, grant or denial of a motion to set aside a default is not final because of the steps that remain to be completed." *Id.* at 586. This is in sharp contrast to a default *judgment* which "is a final disposition of the case and an appealable order." 10 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE:

CIVIL 2d § 2692 at 466 (1983). *See also* 6 J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 55.10[1] (2d ed. 1983). We believe this interpretation of defaults and default judgments should also be made under the Idaho rules.

From the record in this case we must conclude that the order of default entered by the district court was not a judgment, nor was it intended to be one. The order simply stated that "[i]t is hereby ordered that the default of said third party defendant is entered herein." Moreover, by its very terms, the order clearly contemplated a judgment to be entered in the future. The order for default stated that "*if* judgment is awarded Treasure Valley Plumbing and Heating, Inc., plaintiff in this case, against Earth Resources Company, defendant and third party plaintiff, judgment in an equal amount *shall be entered* in favor of Earth Resources and against Mountain States Mineral Enterprises ...." [Emphasis added.]

We conclude that the order denying the motion to set aside the earlier order of default is not appealable. There has been no certification under the rules which would permit an appeal from an interlocutory order. *See* I.R.C.P. 54(b). Consequently, our appellate jurisdiction has not been properly invoked and we are constrained to dismiss the appeal. Costs to respondent, Earth Resources Company.