720 P.2d 217

**Neva OLSON, Plaintiff-Respondent,**

v.

**Dale KIRKHAM, Defendant-Appellant.**

**No. 15834.**

Court of Appeals of Idaho.

May 5, 1986.

Rehearing Denied July 10, 1986.

John B. Kugler, Pocatello, for defendant-appellant.

Steven V. Richert, Pocatello, for plaintiff-respondent.

SWANSTROM, Judge.

Neva Olson brought this action against Dale Kirkham to have the district court declare that she had a one-half interest in a Cessna airplane once jointly owned by Neva's late husband and Kirkham, and to compel the sale of the airplane and division of the proceeds. Nineteen months later, when Kirkham failed to answer, Olson obtained a default judgment entitling her to a one-half interest in the airplane and ordering its sale. Kirkham promptly moved to have the default judgment set aside. The district court denied his motion and Kirkham then appealed. He contends that the district court lacked subject matter jurisdiction, rendering the judgment void. He also asserts that the default judgment should

have been vacated because: (1) the court erred by failing to require proof of facts to support the judgment, (2) Kirkham failed to receive notice of the intent to take default and (3) that even if the judgment was valid, the court abused its discretion by not relieving Kirkham from the judgment under provisions of Rule 60(b), I.R.C.P.[1] For reasons which follow we affirm the judgment.

Kirkham first asserts that the judgment is void because the district court lacked subject matter jurisdiction to determine rights of succession and distribution in probate matters. He contends that before Olson can maintain an independent and direct action asserting any ownership rights in the airplane she must first adjudicate her right of spousal succession through a probate proceeding.[2] We find this argument to be without merit.

"The district court shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law." IDAHO CONST. art. 5, § 20. Similar but more specific statutory provisions are contained in I.C. § 1–705. Originally jurisdiction over probate matters vested exclusively in the probate courts under IDAHO CONST. art. 5, § 21. However, as part of the court reorganization of the 1960's, art. 5, § 21 was repealed, the probate courts were eliminated as of January 1971, and the former jurisdiction of the probate courts was transferred to the district courts, including to the magistrate division thereof. I.C. § 1–103.

Kirkham argues that subject matter jurisdiction is vested in the magistrate division exclusively by virtue of I.C. § 15–3–105. ("The court has exclusive jurisdiction of formal proceedings to determine how dece-

---

1. Kirkham's brief only refers generally to Rule 60. We assume the following parts of Rule 60(b) are applicable:

 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (4) the judgment is void; ... or

 (6) any other reason justifying relief from the operation of the judgment.

2. In fact, Kirkham asserts, Mrs. Olson had commenced, but did not complete a probate proceeding in the magistrate division of the district court. Before assigning the appeal to us the Supreme Court denied Kirkham's request to augment the appellate record with the file of the probate proceedings.

dent's [sic] estates subject to the laws, of this state are to be administered, expended and distributed.") This argument ignores the fact that references to "the court" in § 15–3–105 and in other provisions of the (Idaho) Uniform Probate Code mean "the district court." I.C. § 15–1–201(6). It is true that under I.C. § 1–2208 and I.R.C.P. 82(c)(1)(A) magistrates may be assigned to hear proceedings involving will probates and administration of decedents' estates, but such assignments do not deprive the district judges of their subject matter jurisdiction. We conclude that the district court had jurisdiction of Olson's action to establish ownership of a one-half interest in the airplane and to force a sale of the airplane. The judgment is not void for lack of subject matter jurisdiction within the meaning of I.R.C.P. 60(b)(4).

■ Kirkham next asserts that the judgment is voidable due to the lack of proper notice and of evidence supporting the judgment. Rule 55(b)(2), I.R.C.P., provides that:

> If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application *for judgment* at least three (3) days prior to the hearing on such application. [Emphasis added.]

A prerequisite to the three-day notice requirement is an appearance in the action by the party against whom judgment by default is sought. This appearance is not limited to a formal court appearance. A narrow exception has been created by *Newbold v. Arvidson*, 105 Idaho 663, 672 P.2d 231 (1983). In *Newbold* the defendant visited the plaintiff's attorney at his office and later attended a deposition. Plaintiff's attorney at the deposition acknowledged that defendant was representing himself. Our Supreme Court held that this was sufficient to constitute an "appearance" requiring notice under I.R.C.P. 55(b)(2). We have held that the significant event in *Newbold* constituting an appearance was defendant's attendance at the deposition, cou-

pled with counsel's acknowledgment that the defendant was representing himself. *Marano v. Dial*, 108 Idaho 680, 701 P.2d 300 (Ct.App.1985).

■ There is no similar event shown in the present case. The record before us merely shows telephone calls and correspondence between Kirkham's counsel and Olson's counsel regarding settlement negotiations. Beyond participating in preliminary settlement negotiations the record does not present any intent on the part of Kirkham to defend the action. Thus, Kirkham has not shown that an "appearance" was made entitling him to the three-day notice under I.R.C.P. 55(b)(2). We acknowledge that some courts have adopted a broader view of an "appearance." *E.g.*, *Christy v. Carlisle*, 94 Nev. 651, 584 P.2d 687 (1978) (settlement negotiations and exchange of correspondence between plaintiff's counsel and defendant's insurance representative constituted an appearance). However, we do not read in *Newbold* an intent by the Idaho Supreme Court to go that far. Under the facts of the present case we hold that Kirkham did not make an appearance in the action triggering the requirement for notice under Rule 55(b)(2).

Notwithstanding that Kirkham had not made an appearance in the action, Kirkham further argues that his default was entered contrary to a "notice" he had received from Olson. The record indicates a "Notice of Intent To Take Default" dated January 31, 1984 was filed by Olson with the district court February 2, 1984. Counsel for Kirkham acknowledged at oral argument that this notice was received. However, Kirkham asserts that the notice was not timely served before the clerk's entry of default on February 8, 1984. This argument fails to note the distinction between a clerk's entry of default and a default judgment.

■ Under Rule 55, I.R.C.P., entry of default by the clerk and entry of judgment by default by the district court are two distinctly different acts. *Earth Resources Co. v. Mountain States Mineral Enterprises, Inc.*, 106 Idaho 864, 683 P.2d 900 (Ct.App.1984). See also I.R.C.P. 55(c). *Ac-*

cord *Johnson v. Murray,* 201 Mont. 495, 656 P.2d 170 (1982); *Sealey v. Majerus,* 149 Mont. 268, 425 P.2d 70 (1967). Section (a)(1) of Rule 55 provides for the entry of *default* by the clerk or the court. Section (b) of Rule 55 provides for the entry of *judgment* by the clerk in certain circumstances and by the court in all other cases. Notice is required only when an "application for judgment" is made and must be served three days "prior to the hearing on such application." I.R.C.P. 55(b)(2). Therefore, entry of default by the clerk under Rule 55(a)(1) requires no notice to the party "who has failed to plead or otherwise defend as provided by these rules." *See Sealey v. Majerus, supra.*

 In the notice, Olson made demand that Kirkham "answer or otherwise plead to the Complaint ... within seven (7) days of the service of this notice upon you." Upon failure to do so, Olson gave notice of her intent to "forthwith move for and cause your default to be entered for judgment against you for the relief demanded in the Complaint." The clerk's default was entered February 8, but the default judgment was not entered until April 27. The notice was timely for the judgment of default entered by the district court. Therefore, although no notice was necessary, we hold that timely notice was given in this case.

Next, Kirkham asserts that the judgment should be set aside because it is not supported by any proof of facts. However, the verified complaint stated that Neva Olson was married to A.F. Olson and "as such was and is possessed with a community property interest in the assets acquired by the marital community." It further stated that Kirkham and A.F. Olson were joint owners of the airplane; that A.F. Olson had passed away; that the community interest of A.F. Olson in the airplane vested solely in Neva Olson; and that she is entitled to a one-half interest in the airplane. A certified copy of the airplane's registration was attached to the complaint naming decedent and Kirkham as joint owners.

 This is sufficient to establish a factual basis to support a default judgment. All that is required to support a default judgment is that the complaint contain a plain and concise statement of the cause of action and the defendant is given fair notice of the allegations as a whole. *Tarnoff v. Jones,* 17 Ariz.App. 240, 497 P.2d 60 (1972). "Upon default, the allegations of the complaint are taken as true." *United Nuclear Corp. v. General Atomic Company,* 96 N.M. 155, 629 P.2d 231, 316 (1980), appeal dismissed, 451 U.S. 901 (1981). On appeal, a defaulted defendant may not challenge the sufficiency of the evidence in a default judgment, he may only contest the sufficiency of the complaint and its allegations to support the judgment. *Southern Arizona School for Boys, Inc. v. Chery,* 119 Ariz. 277, 580 P.2d 738 (App.1978).

 Generally, where the defendant has been defaulted a plaintiff has no obligation to introduce evidence in support of the allegation of its complaint. *United Nuclear Corp. v. General Atomic Company, supra.* Rule 55(b)(2), I.R.C.P., provides for an exception as follows:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court *may* conduct such hearings or order such references as it deems necessary and proper. [Emphasis added.]

Therefore, the court may exercise its discretion in determining whether additional evidence is necessary. "A court having before it a sworn complaint alleging a good cause of action ... has no need to take testimony to reaffirm the allegations of the complaint. The allegations are presumed to be true." *State ex rel. Nilsen v. Cushing,* 253 Or. 262, 453 P.2d 945, 948 (Or. 1969). Kirkham has argued that two earlier Idaho cases stand for the proposition that "[a] judgment must be supported by evidence and, even on default, proof must

be submitted before a judgment can be entered." *Portland Cattle Loan Co. v. Gemmell,* 41 Idaho 756, 242 P. 798 (1925); *Joyce v. Rubin,* 23 Idaho 296, 130 P. 793 (1913). In those cases, while certain parties may have defaulted, the allegations of the plaintiff's complaint were either controverted by various pleadings (*Portland Cattle Loan Co.*) or the parties proceeded on the theory that all material allegations of the pleadings were put in issue (*Joyce*). Those circumstances are not present here and the cases are distinguishable on that basis alone.

We next address whether the district court abused its discretion in refusing to set aside the default judgment. The decision to grant or deny a motion to set aside a default judgment is committed to the sound discretion of the trial court and a decision will not be disturbed on appeal in the absence of an abuse of discretion. *Hearst Corp. v. Keller,* 100 Idaho 10, 592 P.2d 66 (1979). The standards governing appellate review have been set forth in *Avondale On Hayden, Inc. v. Hall,* 104 Idaho 321, 658 P.2d 992 (Ct.App.1983):

> Where oral testimony has been received, we will give due regard to the trial judge's special opportunity to evaluate the credibility of the witnesses. Where the evidence is entirely in writing, we may draw our own impressions from the record, but we will not substitute our impressions for findings of fact by the trial judge unless we are convinced that those findings are clearly erroneous.

*Id.* at 325, 658 P.2d at 996. Furthermore:

> if (a) the trial court makes findings of fact which are not clearly erroneous, (b) the court applies to those facts the proper criteria under Rule 60(b)(1) (tempered by the policy favoring relief in doubtful cases), and (c) the trial court's decision follows logically from application of such criteria to the facts found, then the court will be deemed to have acted within its sound discretion. Its decision will not be overturned on appeal.

*Id.* at 326, 658 P.2d at 997. *See also Shelton v. Diamond International Corp.,* 108 Idaho 935, 703 P.2d 699 (1985) (*Avondale* review standards approved).

■ Rule 55(c), I.R.C.P., provides for setting aside a default judgment in accordance with I.R.C.P. 60(b). Rule 60(b) provides relief where a default judgment has been entered because of "mistake, inadvertence, surprise or excusable neglect." The party moving to set aside a default judgment must not only meet the requirements of I.R.C.P. 60(b), but must also plead facts which, if established, would constitute a defense to the action. *Hearst Corp. v. Keller, supra; Johnson v. Pioneer Title Co. of Ada County,* 104 Idaho 727, 662 P.2d 1171 (Ct.App.1983).

■ At oral argument, Kirkham expressed reliance on the existence of excusable neglect to set aside the default judgment if we found, as we have, that the judgment was not void. The district court did not make a finding of fact concerning a justifiable excuse for allowing a default judgment to be entered. The district court merely held that Kirkham had made an insufficient showing to justify relief from the default judgment. Where neither findings nor specific reasons are given for a ruling, the *Avondale* standard of review does not apply. Rather, we may form our own impressions from the record and exercise our own discretion in deciding whether the default judgment should have been set aside. *Johnson v. Pioneer Title Co. of Ada County, supra.*

■ We turn to the question whether Kirkham's conduct in allowing a default to be entered constitutes excusable neglect. We recognize that judgments by default are not favored and a standard of liberality must be applied. *Id.* Under Rule 60(b) excusable neglect is conduct that might be expected of a reasonably prudent person under the same circumstances. *Hearst Corp. v. Keller, supra.* The party claiming excusable neglect must have exercised due diligence in the prosecution of his rights and must not have exhibited indifference or unreasonable delay. *Marano v. Dial, supra.*

Counsel for Kirkham, in his affidavit in support of the motion to set aside the default, asserts that prior to entry of default he contacted Olson's counsel in regard to previous settlement offers and to "ascertain whether or not plaintiff intended to commence probate proceedings," a step which he again declared was required before a determination of Olson's interest in the airplane could be reached. The affidavit further stated counsel's belief that Olson had testified falsely because Olson knew or had received information showing that Kirkham, not A.F. Olson, had made substantially all the payments in acquisition of the airplane. The record is bare of any additional justification for setting aside the default.

The assertion that Olson had testified falsely is not specific and is unsupported by the record. Moreover, the record does not indicate that Olson testified at all. Finally, the assertion that Olson must first go through probate proceedings does not set forth an excuse or justification for allowing a default judgment. All that remains as an excuse for the default is the allegation that prior settlement negotiations misled Kirkham and his counsel into believing default would not be pursued.

The record indicates that correspondence between the two parties' attorneys occurred between December 1982 and March 1984. Through the course of the correspondence Olson expressed a willingness to sell the airplane for $10,000 and split the proceeds. In response, Kirkham requested reimbursement for payments made on the airplane if Olson wanted to be considered on an equal basis with Kirkham in the investment of the airplane. Kirkham contended that A.F. Olson only supplied $1,500 towards the purchase of the airplane. By a letter dated May 18, 1983, Olson's counsel stated that he was hopeful of a settlement, but had been instructed by Olson to pursue the action and requested that Kirkham file an answer. Correspondence dating from October 20, 1983, to January 24, 1984 shows numerous requests by Olson's counsel to Kirkham's counsel for a response to the settlement offer. Counsel for Olson stated in his affidavit dated April 25, 1984, that Kirkham's counsel had not made any written or oral responses to the requests for the sale of the airplane since October 1983. Finally, in late January 1984 Olson served a notice of intent to take default. The final correspondence, a letter from Olson's counsel dated March 27, 1984, contained a "formal denial" to stipulate to set aside the default and again inquired whether Kirkham would be willing to sell the airplane for $10,000.

This correspondence indicates that Olson had expressed a willingness to settle the dispute, but due to Kirkham's failure to respond, Olson pursued the action. The only fact alleged by Kirkham which might show "excuse" was that settlement negotiations were being conducted prior to default. The correspondence fails to explain how the settlement negotiations "misled" Kirkham into allowing a default judgment to be taken. We believe that Kirkham has failed to show excusable neglect. His conduct was not that which might be expected of a reasonably prudent person under the same circumstances.

Because Kirkham has not met the requirements of Rule 60(b), we do not reach the question of whether Kirkham showed that he had a meritorious defense to Olson's complaint. *See, e.g., Catledge v. Transport Tire Co., Inc.,* 107 Idaho 602, 691 P.2d 1217 (1984).

The order denying motion to set aside default judgment is affirmed. Costs to respondent, Neva Olson. As part of the costs to be awarded, respondent shall be entitled to recover that part of her attorney fees reasonably incurred to curtail delays by appellant in the prosecution of this appeal.

WALTERS, C.J., and BURNETT, J., concur.